a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KARL E THIBODEAUX #489409, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01630 SEC P |
| VERSUS | JUDGE JOSEPH |
| MARKUS MYERS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Preliminary Injunction and Temporary Restraining Order ("TRO") (ECF Nos. 1, 9) filed by *pro se* Plaintiff Karl E. Thibodeaux (#480409) ("Thibodeaux"). Thibodeaux is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Thibodeaux is one of several inmates at RLCC that has filed a Complaint alleging that his constitutional rights are being violated by exposure to environmental tobacco smoke ("ETS").

Because Thibodeaux is not entitled to a TRO or preliminary injunction without notice to Defendants, IT IS RECOMMENDED that his Motion (ECF No. 9) be DENIED.

I. **Background**

Thibodeaux alleges that he is a 70-year-old non-smoker assigned to the Cajun-1 housing unit on the A-2 tier, which "primarily houses inmates who are handicapped or have some other medical problems." ECF No. 1 at 3. Thibodeaux alleges that he

is housed on that tier because he his "handicapped." *Id.* Thibodeaux claims that he is being exposed to high levels of ETS "and other harmful noxious odors from numerous inmates assigned to this tier" who are purchasing smokeless tobacco, drying it out in the microwave, and "smoking the altered tobacco throughout the entire tier." *Id.* at 6.

Thibodeaux alleges that the smoke and odors are causing him dizziness, nausea, severe headaches, sneezing, loss of appetite, coughing, burning and watery eyes, and other breathing difficulties, which has resulted in Thibodeaux having to make "multiple sick call complaints." *Id.*

Thibodeaux alleges that DOC and RLCC officials are not enforcing state law, the RLCC non-smoking policy, or the preliminary injunction issued by this Court in another case in 2018. *Id.* at 6-7 (citing 1:16-CV- 1534, ECF No. 68). He claims that Defendants are not preventing or discouraging inmates from altering or smoking the tobacco or issuing disciplinary reports to the inmates. *Id.* at 7. Thus, Thibodeaux alleges that Defendants are acting with deliberate indifference in violation of the Eighth Amendment to the United States Constitution.

II. <u>Law and Analysis</u>

Thibodeaux seeks a TRO or preliminary injunction enjoining Defendants from transferring him from RLCC and ordering Defendants to enforce the non-smoking policy and preliminary injunction issued by this Court in another ETS case. *See Davis v. McCain*, 1:16-CV-1534, ECF No. 68.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The purpose of a temporary restraining order is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); *see also, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo").

Rule 65(a)(1) also provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." The Rule requires that the adverse party has the opportunity to be heard and to present evidence. *See Granny Goose Foods, Inc.*, 415 U.S. at 434 n. 7 ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the [opposing party] is given a fair

opportunity to oppose the application and to prepare for such opposition."); *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984) (explaining that Rule 65(a) mandates that where factual disputes are presented, "the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted").

First, Thibodeaux has not submitted an affidavit or a verified complaint as required by the Rule 65. Next, Thibodeaux does not allege that any immediate or irreparable injury, loss, or damage would occur before the Defendants can respond and be heard in opposition. Therefore, his Motion should be denied.

Additionally, Thibodeaux's request that the Court enforce a preliminary injunction issued in another case is meritless. Under the Prison Litigation Reform Act, a preliminary injunction automatically expires after 90 days. 18 U.S.C.A. § 3626(a)(2); *Cole v. Collier*, 4:14-CV-1698, 2017 WL 3049540, at *35 (S.D. Tex. July 19, 2017). A preliminary injunction was issued as to RLCC officials in another case on October 10, 2018. However, the Court subsequently granted Defendants' Motion for Summary Judgment, dismissing all of the plaintiff's claims against all defendants. *See Davis v. McCain*, 1:16-CV-1534, ECF No. 82. The Judgment did not extend the preliminary injunction, which had expired by operation of law.

As to Thibodeaux's request that he not be transferred out of RLCC, his claim is meritless becuase there is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

4

### III. Conclusion

Because Thibodeaux is not entitled to a TRO or preliminary injunction without notice to Defendants, IT IS RECOMMENDED that his Motion (ECF No. 9) be DENIED. The Court will determine whether a preliminary injunction is necessary and proper after the preliminary screening of the Complaint under 28 U.S.C. § 1915A and proper notice to Defendants should the Court determine service of the Complaint is warranted.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, February 4, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE