c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KARL E. THIBODEAUX, Plaintiff | CIVIL ACTION NO. 1:20-CV-01630 |
| VERSUS | JUDGE JOSEPH |
| MARKUS MYERS, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 51) filed by Defendant James LeBlanc ("LeBlanc"), Secretary of the Department of Public Safety and Corrections ("DPSC"). LeBlanc seeks dismissal of *pro se* Plaintiff Karl E. Thibodeaux's ("Thibodeaux's") (DOC #489409) claims against him in his official capacity for lack of subject matter jurisdiction, and in his individual capacity for failure to state a cause of action upon which relief may be granted. ECF No. 51 at 1.

Thibodeaux's claims against LeBlanc in his official capacity are barred by Eleventh Amendment immunity. And Thibodeaux fails to state a viable claim for relief against LeBlanc in his individual capacity. Accordingly, LeBlanc's Rule 12(b)(6) Motion to Dismiss (ECF No. 51) should be GRANTED.

I.  **Background**

Thibodeaux filed a civil rights Complaint under 42 U.S.C. § 1983. ECF No. 1. The Court ordered Thibodeaux to amend his Complaint to provide additional facts to support his claims. ECF No. 15.

Thibodeaux is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond LaBorde Correctional Center ("RLCC") in Cottonport, Louisiana. Thibodeaux is one of several inmates at RLCC that has filed a Complaint alleging that his constitutional rights are being violated by exposure to environmental tobacco smoke ("ETS"). Thibodeaux names as Defendants Markus Myers, Rodney Slay, Donnie Bordelon, Samuel Johnson, James Longino, Nikki Chenevert, Brent Thompson, Spencer Lawney, Laura Desselle, Benjamin Maddie, R. Lavalais, LeBlanc, and Wayne Millus (collectively, "Defendants"). He seeks monetary damages and injunctive relief.

Thibodeaux alleges that he is a 70-year-old non-smoker assigned to the Cajun-1 housing unit on the A-2 tier, which "primarily houses inmates who are handicapped or have some other medical problems." ECF No. 1 at 3. Thibodeaux maintains that he is housed on that tier because he is "handicapped." *Id.* He claims that he is being exposed to high levels of ETS "and other harmful noxious odors from numerous inmates assigned to this "tier" who are purchasing smokeless tobacco, drying it out in the microwave, and "smoking the altered tobacco throughout the entire tier." *Id.* at 6. According to Thibodeaux, the day room, game room, bathroom, and sleeping areas are permeated with smoke. ECF No. 25 at 2. And approximately 40 of 50 inmates on his tier smoke, as they are allowed to purchase up to 10 cans of smokeless tobacco per week. *Id.* at 3.

Thibodeaux claims that the smoke and odors are causing him to experience dizziness, nausea, severe headaches, sneezing, loss of appetite, coughing, burning and

watery eyes, and other breathing difficulties. He has made "multiple sick call complaints" as a result. ECF No. 1 at 3. In his Amended Complaint (ECF No. 25), Thibodeaux indicates that he has requested medical care at least monthly from September 2020 through February 2021. He has been provided Loratadine and Albuterol Sulfate. ECF No. 25 at 4-5.

Thibodeaux alleges that the DOC and RLCC officials are not enforcing state law, RLCC non-smoking policy, or the preliminary injunction issued by this Court in another case in 2018. *Id.* at 6-7 (citing 1:16-CV-1534, ECF No. 68). He seeks the issuance of a new preliminary injunction like the one previously issued. He also seeks damages, claiming that Defendants are acting with deliberate indifference in violation of the Eighth Amendment.

Except for LeBlanc, Defendants answered, asserting various affirmative defenses. ECF Nos. 31, 32. LeBlanc, having now been served, seeks dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) due to Eleventh Amendment immunity in his official capacity, and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) in his personal capacity. ECF No. 51.

Thibodeaux opposes. ECF No. 66.

## II. Law and Analysis

### A. Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss

for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." *Id.*

A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Willoughby v. U.S. Dept. of Army*, 730 F.3d 476, 479 (5th Cir. 2013).

### B. Thibodeaux cannot recover monetary damages from LeBlanc in his official capacity.

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction. *Mahogany v. Louisiana State Supreme Court*, 262 Fed. App'x. 636 (5th Cir. 2008) (citations omitted); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar.").

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Even when the state is not a named defendant, Eleventh Amendment immunity extends to a state agency or a political entity that effectively

4

acts as an "alter ego" or an "arm" of the state. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002).

Critically, a suit against a state official in his official capacity is considered a suit against the state itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The State of Louisiana is the real party in interest – through LeBlanc in his official capacity as Secretary of DPSC – and is thus the party entitled to Eleventh Amendment immunity. *See Hafer*, 502 U.S. at 25.

Louisiana has refused to waive its Eleventh Amendment immunity from suit in federal court. *See* La. R.S. 13:5106(A) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court"); *see also Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Section § 1983 does not abrogate a state's sovereign immunity. *Hanna v. LeBlanc*, 715 Fed.Appx. 265, 268 (5th Cir. 2017); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989) (providing that Section 1983 does not provide a federal forum for litigants who seek monetary damages against a state or its officials in their official capacities). Therefore, Thibodeaux's claim for monetary damages against LeBlanc in his official capacity should be dismissed with prejudice.[1]

---

[1] While it is not squarely addressed in LeBlanc's Rule 12(b)(1) motion, Eleventh Amendment immunity does not bar claims for prospective injunctive and declaratory relief to enjoin an ongoing violation of federal law. The doctrine of *Ex parte Young* serves as an exception to the rule that official capacity suits represent suits against the state. *Ex parte Young,* 209 U.S. 123 (1908). This exception holds that a suit is not barred by sovereign immunity when it is brought against state officials to enjoin an ongoing violation of federal law. *See id.* at 155–56; *Meza v. Livingston,* 607 F.3d 392, 411–12 (5th Cir. 2010); *Am. Bank & Trust Co. of Opelousas v. Dent,* 982 F.2d 917, 920 (5th Cir. 1993). Thus, to the extent Thibodeaux seeks

C. <u>Thibodeaux's allegations must raise a plausible right to relief against LeBlanc.</u>

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[2] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

---

prospective injunctive and declaratory relief against LeBlanc in his official capacity for alleged ongoing violations of federal law, that claim remains, as it is not barred by Eleventh Amendment immunity.

[2] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

### D. Thibodeaux fails to state a claim for relief against LeBlanc in his individual capacity.

The United States Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, a prisoner must show that he is being exposed to unreasonably high levels of ETS. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). In assessing that factor, a court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will cause such harm. *Id.* Second, a prisoner must show, subjectively, that the prison authorities demonstrated a deliberate indifference to his plight. *Id.*

The United States Court of Appeals for the Fifth Circuit has previously stated that, although "sporadic and fleeting exposure to second-hand smoke might have been unwelcome and unpleasant, it did not constitute 'unreasonably high levels of ETS.'" *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (quoting *Helling*, 509 U.S. at 35). In evaluating deliberate indifference to ETS, a court should consider the following factors: (1) the adoption of a smoking policy; (2) the administration of that policy; and (3) the realities of prison administration. *Callicutt v. Anderson*, 48 Fed.Appx. 916 (5th Cir. 2002) (citing *Helling*, 509 U.S. at 36-37)).

Here, Thibodeaux cogently alleges he was exposed to ETS. The Fifth Circuit has previously recognized a prisoner states an Eighth Amendment claim if he alleges that he was exposed to ETS for a sustained time, even if the ETS had not already harmed his health. *See Murrell v. Chandler*, 109 Fed.Appx. 700, 701 (5th Cir. 2004) (citing *Rochon v. City of Angola*, 122 F.3d 319, 320 (5th Cir. 1997)).

7

However, Thibodeaux must still allege both personalized exposure to unreasonably high levels of ETS, and deliberate indifference. *See Helling*, 509 U.S. at 35. As this Court previously stated in *Gipson v. McCain*:

> Secretary LeBlanc does not supervise or control the day-to-day operations and employees of RLCC. Gipson has not claimed personal involvement by Secretary LeBlanc in the alleged failure of RLCC to enforce the no-smoking policy at RLCC, nor has he alleged the implementation of an unconstitutional policy by Secretary LeBlanc.

*Gipson v. LeBlanc*, No. 1:17-CV-01394, 2019 WL 4803683, at *2 (W.D. La. Sep. 6, 2019).

Likewise, although LeBlanc is a named Defendant, Thibodeaux's original Complaint (ECF No. 1) contains no factual allegations pertaining to LeBlanc in his individual capacity. ECF No. 1. And Thibodeaux's Amended Complaint (ECF No. 25) also fails to assert factual allegations establishing LeBlanc's direct personal participation in the alleged constitutional violation or show, subjectively, how LeBlanc was deliberately indifferent. ECF Nos. 1, 25.

To the contrary, Thibodeaux admits he did not make LeBlanc personally aware of his allegations concerning his deliberate indifference claim prior to filing his original and amended Complaints. He also concedes that LeBlanc had no personal involvement with his claims except as a DOC official who would have been made aware of Administrative Remedy Procedure ("ARP") complaints. ECF No. 66 at 4.

Conclusory assertions of this kind are insufficient to state a claim for relief. *See Arnold*, 979 F.3d at 266; *see also Harrison v. Smith*, 83 Fed.Appx. 630, 631 (5th Cir. 2003) (vague and speculative conclusions that allowing other prisoners to smoke

8

created an unhealthy environment did not sufficiently state a claim for exposure to ETS). Thus, Thibodeaux fails to state a plausible claim for relief against LeBlanc in his individual capacity.

## III. Conclusion

Because Thibodeaux's claims against LeBlanc in his official capacity are barred by Eleventh Amendment immunity, IT IS RECOMMENDED that LeBlanc's Rule 12(b)(1) Motion to Dismiss (ECF No. 51) be GRANTED for lack of subject matter jurisdiction, and that Thibodeaux's official capacity claims against LeBlanc for monetary damages be DISMISSED WITH PREJUDICE.

Because Thibodeaux fails to state a claim for relief against LeBlanc in his individual capacity, IT IS RECOMMENDED that LeBlanc's Rule 12(b)(6) Motion to Dismiss (ECF No. 51) be GRANTED, and that Thibodeaux's individual capacity claims against LeBlanc be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this <u>3rd</u> day of March 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE