b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KARL THIBODEAUX,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01630 |
| VERSUS | DISTRICT JUDGE JOSEPH |
| MARCUS MYERS, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Plaintiff Karl Thibodeaux ("Thibodeaux") filed a Motion to Compel discovery responses. ECF No. 67. Defendants oppose that Motion and filed a Motion for Protective Order. ECF No. 75.

Because Court requires an update as to the progress of discovery, and the parties failed to hold a Rule 37 conference, the parties' Motions (ECF No. 67, 75) are DENIED. The parties are ORDERED to hold a Rule 37 conference, try to resolve any remaining discovery issues, and re-file narrowed, tailored motions if necessary.

I.  Background

Thibodeaux filed a Complaint, *pro se* and *in forma pauperis,* pursuant to 42 U.S.C. § 1983. The named Defendants are all employed at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana and are sued in both their individual and official capacities–Warden Marcus Meyers; Deputy Warden Rodney Slay; Deputy Warden Donnie Bordelon; Assistant Warden Samuel Johnson;

Assistant Warden James Longino; Assistant Warden Nikki Chenevert; Assistant Warden Brent Thompson; Dr. Spencer Launey; Administrative Director Laura Deselle; Col. Benjamin Maddie, Lt. R. Lavalais; and Assistant Warden Wayne Millus.[1]

Thibodeaux alleges that he is 70 years old, is handicapped, and has always been a non-smoker. He is housed on the Cajun-1 A-2 housing unit and tier because that is the tier that primarily houses inmates who are handicapped or have some other medical problems. Thibodeaux alleges that, while confined in the RLCC, he has been subjected to high levels of environmental tobacco smoke ("ETS" or second-hand smoke).[2] Thibodeaux contends other inmates are drying and smoking smokeless tobacco, or snuff. ETS causes him Thibodeaux to have dizziness, severe headaches, nausea, sneezing, loss of appetite, coughing, burning and water eyes, and other breathing difficulties. Thibodeaux contends he has made multiple sick call complaints due to ETS and is being subjected to the risk of serious future harm. Thibodeaux contends the state law and RLCC policy against smoking indoors is not enforced at RLCC.

Thibodeaux seeks a jury trial, declaratory judgment, preliminary and permanent injunctions, monetary damages (including punitive), and costs.

---

[1] Thibodeaux also sued James LeBlanc, Secretary of the Louisiana Department of Corrections. Thibodeaux's claim against Secretary LeBlanc has been dismissed. ECF No. 105.

[2] The Complaint does not state how long Thibodeaux has been confined in the RLCC.

Thibodeaux filed a Motion to Compel Discovery Responses. ECF No. 67.

## II. Law and Analysis

The Court granted an extension of time for discovery, until November 5, 2021. ECF No. 62. Thibodeaux contends Defendants have not responded to his discovery requests (except for one part of one), and have harassed him in retaliation. Thibodeaux asks the Court to compel Defendants to respond to his discovery requests and order them not to harass him or his one witness.

On August 25, 2021, Thibodeaux submitted a discovery request for Production of Documents to Defendants. ECF No. 67. There are four requests. ECF No. 67-1 at 3-5. On September 16, 2021, Defendants provided part of one of his requests–the Cajun-1 "A2" tier logbook entries from April 13, 2021 through June 22, 2021, although Thibodeaux had requested entries from January 1, 2018 through the present.[3]

On October 8, 2021, Thibodeaux submitted a second, revised Request for Production of Documents, omitting the log-book entries that had not been provided previously. ECF No. 67-1 at 7-9. However, Defendants did not respond to those requests.

---

[3] Thibodeaux has not specified why he requested entries from January 1, 2018 are relevant. Nor have Defendants stated why the entries April 13, 2021 through June 22, 2021 were particularly relevant..

On October 18, 2021, Plaintiff submitted a Request for Admissions. There are 16 requests. ECF No. 67-1 at 12-15. Defendants did not respond to that request.

On October 19, 2021, his First Sets of Interrogatories to Defendants. One set was sent for each Defendant. The number of interrogatories range from 7 to 16 in each set. ECF No. 67-1 at 17-56. Defendants did not respond to those Interrogatories.

Defendants show they mailed responses to Thibodeaux's discovery requests on September 16, 2021 (Production of Documents), November 4, 2021 (Admissions), and November 17, 2021 (Production of Documents). Defendants contend the Interrogatories were not due until December 10, 2021. ECF No. 72.

Fed. R. Civ. P. 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of

admissible evidence. *See Davis v. Young*, 2012 WL 530917, at *3 (E.D. La. 2012) (citing *Export Worldwide, Ltd. v. Knight,* 241 F .R.D. 259, 263 (W.D. Tex. 2006)).

As a general matter, Rule 26(b)(1) provides for two types of discoverable information: "unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

While the Federal Rules of Procedure do not define "relevant," courts turn to the definition in Federal Rule of Evidence 401: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See Enron Corporation Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party . . . ." *See Enron Corporation Savings Plan*, 258 F.R.D. at 159 (citing *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 470 (N.D. Tex. 2005)). The party resisting discovery

5

bears the burden to clarify and explain its objections and to provide support for those objections. *See id.*

Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *See Van Dyke v. Retzlaff*, 2020 WL 1866075, at *1 (E.D. Tex. 2020) (citing *Crosby v. Louisiana Health & Indemnity Co.*, 647 F.3d 258, 262 (5th Cir. 2011)). Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). *See Van Dyke*, 2020 WL 1866075, at *1. The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *See Van Dyke*, 2020 WL 1866075, at *1 (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).

Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome, or oppressive, and thus should not be permitted. *See id*[4]*; see also Enron Corporation Savings Plan*, 258 F.R.D. at 159 (citing *McLeod, Alexander, Powel & Apffel, P.C. v.*

---

[4] Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Dockery v. Christopher Epps*, 2014 WL 12573327, at *4 (S.D. Miss. 2014) (citing *Crosby v. Louisiana Health Services and Indemnity Co.*, 647 F.3d 258, 264 (5th Cir. 2011)).

*Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that objections to document requests on the ground that they were "overly broad, burdensome, oppressive, and irrelevant" were insufficient)). "[B]oilerplate objections are not acceptable . . . specific objections are required in responding to a Rule 34 request." *Enron Corporation Savings Plan*, 258 F.R.D. at 159 (citing *Frontier–Kemper Constructors, Inc. v. Elk Run Coal Company, Inc.,* 246 F.R.D. 522, 528 (S.D. W. Va. 2007)).

Defendants contend they have complied, and objected to, Thibodeaux's discovery requests in a timely manner. Defendants also point out that Thibodeaux failed to certify that he has in good faith conferred or attempted to confer with defense counsel before filing his motion to compel. Defendants allege Thibodeaux made no attempt to confer with defense counsel. ECF No. 72.

Defendants complain that Plaintiffs' Interrogatories violate Fed. R. Civ. P. 33(a)(1) because they exceed 25 interrogatories. However, Rule 25 allows up to 25 interrogatories per defendant. *See* Rule 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *Dixon v. Spurlin,* 2020 WL 6707325, *3 (W.D. La. 2020) (the 25 interrogatory limit is not collective–a plaintiff may propound up to 25 interrogatories on each defendant). There are 9 individual Defendants. Thibodeaux sent each Defendant a set of interrogatories, tailored to that Defendant, numbering between 7 and 16 per Defendant. Given the propriety of the interrogatories and the absence of undue burden on the responding parties,

7

the number of interrogatories sent to each Defendant by Thibodeaux is reasonable and is permitted.

Defendants contend that Thibodeaux's requests for officer team rosters from December 1, 2020, including housing unit and tier assignments, and the names and ranks of each team's supervisory security officer, presents security concerns and is not relevant. ECF No. 72. Generally speaking, prison logbooks and rosters, limited in time and location, are relevant for the purpose of identifying inmates and prison personnel who may have information regarding Plaintiff's allegations. *See Cottonham v. Allen*, 2016 WL 4035331, at *5 (M.D. La. 2016). However, in this case, Thibodeaux has not specified why all of the prison logbooks for those dates are relevant. Nor has Thibodeaux explained why a copy of the bed-book and a list of the names and DOC numbers for all inmates assigned to the Cajun-1 "A2" tier from January 1, 2018 through the present, with a copy of each inmate's current conduct record, current location, and move history at RLCC, are relevant to his case. ECF No. 72. Defendants have specified their concerns with providing each of the specific document requests to which they have objected.

Defendant also filed a Motion for Protective Order (ECF No. 75), contending Thibodeaux's Request for Production of Documents is overly burdensome because he seeks more than 10,000 pages of documents, as verified by an affidavit from Lt. Aimee Schroeder. ECF Nos. 75 & 75-2. Defendants further contend the documents sought are confidential and impact legitimate security concerns, and that the

information requests is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. ECF No. 75. Although the logbooks may produce relevant information, when narrowed to an appropriately relevant time period, no such relevance attaches to the officer team rosters, supervisory officer information, bed-book, inmate conduct records, or inmate location/move history. Not only has Thibodeaux failed to specify why such information is likely to lead to discoverable evidence, but there are also legitimate security and privacy concerns with dissemination of such information. Prison inmates are not permitted to make a blind search of all prison records to see if facts in support of their claim can be found. *See Escobedo v. Clements*, 2006 WL 449262, at *5 (E.D. Tex. 2006) (*citing Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988), *cert. den.*, 488 U.S. 840 (U.S. 1988)).

In any event, the parties did not meet-and-confer prior to Thibodeaux filing his Motion to Compel, as required by Rule 37(a)(1). Rule 37 of the Federal Rules of Civil Procedure mandates that a movant's motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *See Dean v. Akal Security, Inc.*, 2019 WL 1549017, at *3 (W.D. La. 2019) (*citing Cottonham v.*

*Allen*, 2016 WL 4035331, at *2 (M.D. La. 2016); *Shaw Group Inc. v. Zurich American Insurance Co.*, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014)).

Moreover, this Motion to Compel has been pending since November 2021. The parties need to file supplemental briefs to update the Court as to what has occurred with discovery since Plaintiff's Motion and Defendants' response was filed, since it appears that Defendants have now responded in some fashion to Thibodeaux's discovery requests. Thus, the Court is unclear as to precisely which issues remain.

### III.  Orders

IT IS ORDERED that Thibodeaux's Motion to Compel (ECF No. 67) is DENIED.

IT IS ORDERED that Defendants' Motion for Protective Order (ECF No. 75) is DENIED as to the logbooks.

IT IS FURTHER ORDERED that Defendants' Motion for Protective Order (ECF No. 75) is GRANTED as to officer team rosters, supervisory officer information, bed-books, inmate conduct records, and inmate location/move history.

IT IS ORDERED that, **on or before September 29, 2022,** Plaintiff and defense counsel shall comply with the meet-and-confer requirement of Rule 37, define any remaining discovery issues, and attempt to work them out.

IT IS FURTHER ORDERED that Thibodeaux's request to reset discovery deadlines (ECF No. 67) is DENIED. The Court will issue a scheduling order and hold a scheduling conference in the near future.

If there are discovery any issues left after the meeting, Thibodeaux may file a new Motion to Compel within **14 days** of the meeting. The Motion to Compel shall raise *only* the unresolved discovery requests that Thibodeaux still believes are reasonable and necessary. Defense counsel shall have **14 days** after receipt of the new Motion to Compel to file a response.

In the event it is still necessary after the Rule 37 conference, Defendants may file a new Motion for Protective Order.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this __6th__ day of September 2022.

Joseph H.L. Perez-Montes
United States Magistrate Judge